IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAMERON RITCHIE,<br>　　　　　Plaintiff,<br>　　v.<br>ERIE COUNTY PRISON, et al.,<br>　　　　　Defendants. | C.A. No. 02-353 Erie<br>District Judge McLaughlin<br>Magistrate Judge Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that Defendants' motion for summary judgment [Document # 55] be granted.

**II.    REPORT**

**A.    Introduction**

On December 9, 2002, Plaintiff, an inmate formerly incarcerated at the Erie County Prison in Erie, Pennsylvania, filed the instant civil rights action. Named as Defendants are: the Erie County Prison[1], Major Allen Copeland, Captain Vincent Kinnane, Captain John Buettner, Captain Dan Fuhrman, and Sergeant P.J. Anderson, all employees of the Erie County Prison.

---

[1] In his Opposition Brief, Plaintiff has voluntarily withdrawn his claims against Defendant Erie County Prison. Document # 63, unnumbered page 5 ("... at the time of the Plaintiff filing the initial complaint he was under the blief [sic] that the prison itself was directly liable for the actions of its employees, and therefore named the prison as a Defendant. Now due to the fact that the Erie County Prison may not be liable in this claim, it should have no effect on the actions committed by the [named] Defendants...").

1

Defendants have filed a motion for summary judgment[2] and Plaintiff has filed an Opposition Brief[3].

### B.     Standards of Review
#### 1.     Pro Se Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

---

[2] This case has survived a previous motion to dismiss filed by Defendants. This Court notes that, despite its importance, the exhaustion of administrative remedies pursuant to the Prison Litigation Reform Act has never been raised by Defendants in this case. See Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002); Smith v. Mensinger, 293 F.3d 641, 647 n.3 (3d Cir. 2002).

[3] In his Opposition Brief, Plaintiff makes much of the fact that he believes that Defendants have hidden evidence from him. Defendants assert that there is no such evidence. This Court is limited on summary judgment to the evidence that is before it and cannot recommend the denial of summary judgment based on evidence that Plaintiff believes may be in existence and may be helpful to his case.

## 2.     Motion for summary judgment pursuant to Fed.R.Civ.P. 56

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Co., 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Co. v Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim.

Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Co. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.

### C. Plaintiff's Allegations

In his amended complaint, Plaintiff claims that Defendants violated his Eighth Amendment rights by using excessive force against him in their efforts to obtain his fingerprints. More specifically, Plaintiff alleges that:

> ... [T]he hand cuffs were secured to my waist with a waist belt, and the leg shackles were placed on my ankles. ... I was then stood [sic] in front of the print podium where Cpt. Buettner, stood behind me and took hold of my waist belt and stepped his foot on my shackle chain so I couldn't move, ...
> Capt. Fuhrman with the assistance of Cpt. Kinnane uncuffed my left hand to attempt to take my finger prints, I then informed them that I would like to either speak to my lawyer or see a court order before I co-operate with this print procedure, and I folded up my hand to prevent them from taking my finger prints. **Cpt. Fuhrman then tried to unfold my hand by grabbing my thumb and pulling it open**, but his attempt failed, he then stated to me 'that I need to comply and that they were going to take my finger prints weather [sic] I cooperated or not', I then stated that I want to see a court order or speak to my lawyer before I proceeded with any of this, Cpt. Fuhrman then told me to shut the fuck up, and **started to bend my thumb back in an attempt to dislocate my thumb which caused extreme pain and discomfort**. I still resisted by folding my hand tighter and bearing with the pain, after about (2) two to (3) three minutes of this Cpt. Fuhrman then stated to Maj. Copeland "I can't unfold his hand he is resisting me" **so Maj. Copeland then grabbed me by the hair and pulled my head back and took his flash light and placed it under my nose where my top plate of my mouth meets the cartilage of my nose and pushed up into the cartilage of my nose causing extreme pain to my nose**. I folded my hand tighter in an attempt to endure the pain and also to prevent them from taking my finger prints. My eyes started to water due to the pressure that was being applied to my nose, **Cpt. Fuhrman continued to pull my thumb back harder and harder, then Cpt. Kinnane started press[ing] on the pressure point that is in your forearm with both his thumbs which caused more pain**. I still continued to resist them and not allow them to unfold my hand, I then asked Maj. Copeland

4

> "What are you going to do if you break my nose:" and his response was "We'll fix it nigger", **he then pulled on my hair harder and started to rake the flash light across the cartilage of my nose. This cause[d] extreme pain to my nose. Capt. Fuhrman continued to bend my thumb back and caused more pain to my thumb.** The whole time during this attack I not once tried to be aggressive in any way, I continued to state that I would like to speak to my lawyer or see a court order and I received neither.
>
> **Maj. Copeland and Cpt. Kinnane continued [to] cause pain to me in a supposed attempt to make me comply with the print taking procedure, this attack went on for about (15) fifteen or more minutes**, and I eventually gave in ...

Document # 25, Amended Complaint (emphasis added).[4]

### D. Excessive force

Defendants argue that they are entitled to summary judgment because the actions taken against Plaintiff do not constitute excessive force. While the Eighth Amendment protects inmates against cruel and unusual punishment, it does not protect an inmate against every minimal use of force. Smith v. Mensinger, 293 F.3d 641, 648 (3d Cir. 2002). Not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson v. McMillian, 503 U.S. 1, 9 (1992) citing Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights").

In an excessive force claim under the Eighth Amendment, summary judgment in favor of defendants is appropriate where the evidence, viewed in the light most favorable to the plaintiff, does not support "a reliable inference of wantonness in the infliction of pain." Thomas v. Ferguson, 361 F.Supp.2d 43, 438 (N.J. 2004) quoting Whitley v. Albers, 475 U.S. 312, 322 (1986). The central inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Mensinger, 293 F.3d at 649 quoting Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000). "When prison officials maliciously

---

4 This Court notes that Plaintiff does not claim that his rights were violated by the taking of his finger prints without his consent, without a court order, or without consultation with his attorney. Document # 25, Clarification section, at page 2.

5

and sadistically use force to cause harm, contemporary standards of decency always are violated ... whether or not significant injury is evident." Brooks v. Kyler, 204 F.3d 102, 108-109 (3d Cir. 2000) *(de minimus* injuries alone are not a sufficient basis upon which to grant summary judgment in favor of defendants).

This Court must determine if, when viewing the facts in the light most favorable to Plaintiff, a reasonable jury could conclude by a preponderance of the evidence that Defendants had malicious and sadistic intent to cause harm to Plaintiff. The district court considers several factors in determining whether excessive force has been used against an inmate:

> (1) the need for the application of force;
>
> (2) the relationship between the need and the amount of force that was used;
>
> (3) the extent of the injury inflicted;
>
> (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of facts known to them; and
>
> (5) any efforts made to temper the severity of the forceful response.

Mensinger, 293 F.3d at 649, quoting Hudson, 503 U.S. at 7.

   *A.   The need for the application of force*

Defendants had statutory authority to take Plaintiff's fingerprints.[5] It is undisputed that prison staff had previously attempted to obtain Plaintiff's fingerprints on November 30, 2000 and December 12, 2000 and that those attempts proved futile due to Plaintiff's resistance. Document # 56, Exhibit A, Plaintiff's Deposition Testimony, page 9, 29 - 30; Exhibit B; and Exhibit C. It is undisputed that Plaintiff resisted the correctional officers in their attempts to obtain his finger prints [Id. at Exhibit A, page 32] and that force was used against him because of that resistance. In his deposition testimony, Plaintiff acknowledges that he did not have the legal right to resist the taking of the fingerprints. Id. at page 26, line 8.

---

[5] Under Pennsylvania law the prison staff are permitted to take the fingerprints of an incarcerated individual. 61 P.S. § 2173. See also 61 P.S. §2171 and 18 Pa. C.S.A. § 9111.

6

  B. *The relationship between the need for force and the amount of force used*

  Defendants may be liable if they acted with sadistic and malicious intent to cause pain. Brooks, 204 F.3d at 109 ("[D]efendants' acts are not shielded from constitutional scrutiny simply because a plaintiff did not proffer objective evidence of more than *de minimus* injury"). The crucial inquiry is the manner of the infliction of the injury, not the injury itself. Rhodes v. Robinson, 612 F.2d 766, 771 (3d Cir1979).

  Defendants argue that Plaintiff had the power to end the force being used against him by submitting to the fingerprinting procedure at any point during the incident and that based upon Plaintiff's continued resistence, their use of force was measured and incremental. Document # 55.

  Plaintiff argues that the mere fact that Defendant Copeland used a flashlight against his nose while he was in restraints is enough to demonstrate excessive force. However, Plaintiff's argument in inapposite. The mere fact that Plaintiff was restrained does not demonstrate that there was no need for the use of force. Additionally, the record indicates that Plaintiff was only partially restrained during much of the incident as Defendants had removed one of the handcuffs in their efforts to obtain his fingerprints. Importantly, Plaintiff admits that "the force used by the Defendants was solely for the purpose of forcing the Plaintiff to comply with orders and the print procedure." Document # 63, page 3. Plaintiff's admission in this regard is dispositive on this point as it means that even viewing the facts in the light most favorable to Plaintiff, Plaintiff implicitly admits that Defendants were not acting with a sadistic or malicious intent to cause pain.

  C. *The extent of Plaintiff's injuries*

  "Although not dispositive, Plaintiff's injuries are relevant to determining if excessive force was used against Plaintiff." Thomas v. Ferguson, 361 F.Supp.2d 435, 438 (D. N.J. 2004), quoting Brooks, 204 F.3d at 108. "The degree of the resulting injury can be highly relevant to the determination of the unreasonableness of the force used." Id. However, *de minimus* injuries "do not necessarily establish *de minimus* force. Mensinger, at 649.

In his deposition testimony, Plaintiff indicates that there was swelling and bleeding from his nose. Document # 56 at Exhibit A, page 28; Exhibit E and F. The medical records indicate that Plaintiff was seen by a nurse on the date in question at 1:40 pm and there was no "instability or obstruction" in the nose. Plaintiff was examined again at 3:00 pm and the record indicates: "no nasal deviation, no bleeding observed, slight nasal edema, but you complained of pain." Plaintiff was examined at 5:00 pm and the record indicates that there was some bruising to the nose, but no deformity and there was some bleeding and complaints of a sore thumb. Plaintiff was given Motrin and ice. Id. at Exhibit A, page 47 - 48; Exhibit E and F.

In viewing the facts in the light most favorable to the Plaintiff in order to determine if excessive force was used, it is highly relevant that Plaintiff's injuries were relatively minor.

### D. *The extent of the threat to safety of staff and inmate and efforts made to temper the severity of the forceful response*

Defendants have provided evidence that Defendant Copeland believed that there was a danger to staff when he used his flashlight against Plaintiff's nose. Even after this initial force was applied, Plaintiff continued to resist by stiffening his body, clenching his fist, and screaming profanities and threats at the prison staff. In response to the continued resistance, Defendant Copeland pulled back Plaintiff's hair in an attempt to prevent head butting. Document # 56, Exhibit C, Misconduct Report.

In his Opposition brief, Plaintiff argues that he posed no threat to Defendants at any time. Plaintiff's averment in this regard, without any evidentiary support to bolster it, is not sufficient to defeat Defendants' motion for summary judgment.

### E. *Weighing the factors*

In weighing all of the factors, this Court recommends a finding that summary judgment be granted in favor of Defendants as their actions do not rise to the level of excessive force. All of the factors, even viewed in the light most favorable to Plaintiff at this summary judgment stage of the proceedings, weigh in favor of Defendants. The evidence demonstrates that there

was a need for the application of force in that Plaintiff had repeatedly refused to be fingerprinted; that the relationship between the need for force and the amount of force used were appropriate and commensurate; that the injuries Plaintiff sustained were relatively minor; that there was a good faith belief that Plaintiff's continued resistance posed a threat to the safety of staff; and that Defendants tempered the severity of the response by continually requesting that Plaintiff comply and asserting increasing amounts of force only when Plaintiff failed to do so. Given the hostile situation with which they were presented, and Plaintiff's continuous resistance to the fingerprinting procedure, Defendants' actions are not constitutionally unreasonable to this Court.

Accordingly, summary judgment should be granted in favor of Defendants.

### E.   Qualified immunity

Defendants have raised the defense of qualified immunity. This Court need not analyze that issue as we have already resolved the substantive constitutional issue and recommended a finding for Defendants on the merits. See Saucier v. Katz, 533 U.S. 194, 199-201 (2001).

### III.   CONCLUSION

For the foregoing reasons, this Court respectfully recommends that Defendants' motion for summary judgment [Document # 55] be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

                                        S/ Susan Paradise Baxter
                                        SUSAN PARADISE BAXTER
                                        Chief United States Magistrate Judge

Dated: October 26, 2005